UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT R. FILTER,

        Petitioner,               Case Number: 2:11-CV-14263

v.                                         Honorable Patrick J. Duggan

J.S. WALTON,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS AS MOOT THE PETITION FOR WRIT OF HABEAS CORPUS**

On September 28, 2011, Petitioner Bryant R. Filter ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Federal Bureau of Prisons' administration of the Inmate Financial Responsibility Program. On December 15, 2011, Respondent J.S. Walton ("Respondent") moved to dismiss the petition on the ground that it was rendered moot by Petitioner obtaining the relief sought. Petitioner did not respond to the motion. For the reasons stated below, the Court grants Respondent's motion.

**I.**    **Procedural Background**

In two separate cases in the United States District Court for the Western District of Pennsylvania, Petitioner was convicted of bank fraud, 18 U.S.C. § 1344, wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. (*See* Resp.'s Mot. Ex. 1.) On February

5, 2010, the district court in Pennsylvania sentenced Petitioner to two 135-month terms of imprisonment to be served concurrently and a total of five years' supervised release. The court further ordered Petitioner to pay assessments of $200 and $400, due immediately, and restitution in the amount of $3,917,397.03 and $76,461.40, to be paid as a condition of supervised release. (*Id.*)

In his habeas petition, Petitioner argues that he is being forced to pay restitution during his term of incarceration through the Inmate Financial Responsibility Program ("IFRP") rather than as a condition of his supervised release. Respondent has filed a motion to dismiss, arguing that modifications to Petitioner's participation in the IFRP render his petition moot.

## II.    Discussion

The IFRP is a work program instituted by the Bureau of Prisons ("BOP") to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). While the program is voluntary, refusal to participate in the program is not without consequences. For example, an inmate who refuses to participate in the IFRP will not receive performance pay above the maintenance pay level, bonus pay or vacation pay; will not be assigned any work detail outside the facility; and will be housed in the lowest housing status. 28 C.F.R. § 545.11(d).

Petitioner's participation in the IFRP has been intermittent since his incarceration.

At the time he filed the petition, his participation had recently increased from $25 to $80 per month. Petitioner states that he agreed to the $80 monthly payment to avoid the consequences of a refusal to participate in the IFRP. *See* 28 C.F.R. § 545.11(d). Petitioner argues that he should not be required to participate in the IFRP during his incarceration because the judgment of sentence required restitution payment only during his supervised release, not during his incarceration.

Since the filing of his habeas petition, Petitioner's IFRP status has changed. In an Inmate Financial Plan, dated December 12, 2011, Petitioner entered into an IFRP agreement providing that he would make $25 monthly payments commencing January 2012. Petitioner's status now reflects that he participates in the IFRP. (Resp.'s Mot. Ex. 6.) The agreement further provides that if Petitioner declines to participate in IFRP while incarcerated, his status will be changed to "exempt" rather than "refuse." (*Id*.) Petitioner has not responded to the motion to dismiss and has not otherwise disputed that this agreement has been reached. Respondent argues that this agreement renders Petitioner's request for habeas relief moot.

Pursuant to Article III of the Constitution, the federal courts' authority extends only to actual "cases" or "controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S. Ct. 373, 374-75 (1983). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. *Id*. at 70, 104 S. Ct. at 375 (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S. Ct. 1917, 1924 (1976)). "[F]ederal Courts are

without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam) (citation omitted). There no longer is a case or controversy and the action becomes moot if the "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1984) (additional quotation marks and citation omitted).

   The BOP is no longer requiring Petitioner to repay the restitution amount during his incarceration. Petitioner is not on refuse status and will not be placed on refuse status should he withdraw from the Inmate Financial Plan. Therefore, Petitioner has obtained the relief he originally sought in his habeas petition. In addition, nothing in the record indicates a real and immediate threat that the BOP will at some point require Petitioner's participation in the IFRP or place him on refuse status (with its accompanying deprivation of privileges) if he declines to participate or that he suffers any present adverse effects. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 670 (1974) (holding that "[p]ast exposure to illegal conduct does not . . . show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects"). The petition, therefore, is moot.

## III.    Conclusion

For the reasons stated, the Court concludes that the petition for a writ of habeas corpus no longer presents a justiciable case or controversy.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is **GRANTED** and the petition is **DISMISSED**.

Date:   July 23, 2012

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Bryant Filter
FCI #30354-068
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160

AUSA Patricia Gaedeke